UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

JESSICA MARTIN,

        Plaintiff,

v.

J.R.D. MANAGEMENT CORP., d/b/a MAXX PROPERTIES,

        Defendant.

## COMPLAINT AND JURY DEMAND

Jessica Martin ("Plaintiff"), by and through her attorneys, HKM Employment Attorneys, LLP, for her Complaint and Jury Demand against J.R.D. Management Corp., d/b/a MAXX Properties (the "Company" or "Defendant"), states and alleges as follows:

### PRELIMINARY STATEMENT

1. This case arises from Plaintiff's employment with Defendant, during which time Plaintiff was subjected to a hostile work environment and terminated based on her gender and/or in retaliation for opposing discrimination. Specifically, Plaintiff was subjected to negative comments targeting her protected class, and extreme efforts to isolate at Plaintiff from her coworkers, by a female manager, Chelsea Chalberg. For example, Ms. Chalberg instructed male employees they were not allowed to speak to Plaintiff and instructed Plaintiff she was not allowed to leave her office or interact with other employees. Members of management were aware of Ms. Chalberg's hostile and disparate treatment toward Plaintiff, yet Defendant failed to take

appropriate prompt corrective action to get the harassment to stop.  Even after Plaintiff reported Ms. Chalberg's discriminatory treatment to human resources, the harassment was allowed to continue.  No corrective action was taken until Plaintiff again reported Ms. Chalberg's conduct, this time to Defendant's Regional Manager, on or about April 16, 2020.  However, only six weeks later, Plaintiff was suddenly terminated for taking one day off from work for personal reasons, innocuous conduct others engaged in without being terminated. When Plaintiff questioned the basis for the Company's decision to suddenly terminate her employment, she was told she was terminated because management claimed she was "untrustworthy" in retaliation for Plaintiff's protected activity in opposing discrimination.

## PARTIES

2. At all times relevant to this Complaint, Plaintiff is and was a resident of Colorado.

3. Defendant J.R.D. Management Corp., d/b/a MAXX Properties is a New York corporation that manages properties in Colorado, including the location where Plaintiff worked at 300 E 17th Apartments in Colorado.

## JURISDICTION AND VENUE

4. Plaintiff incorporates by reference the above paragraphs as though set forth fully and separately herein.

5. This Court has original jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331.  This Court also has original jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332, given that the amount in controversy exceeds $75,000.00.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the employment practices and other conduct alleged to be unlawful occurred in this District.

## ADMINISTRATIVE REMEDIES HAVE BEEN EXHAUSTED

7. Plaintiff incorporates by reference the above paragraphs as though set forth fully and separately herein.

8. Plaintiff filed her Charge of Discrimination Numbers E2100010693 and 32A-2021-00189 ("Charge") with the Colorado Civil Rights Division ("CCRD") and the Equal Employment Opportunity Commission ("EEOC"), respectively, for gender discrimination and retaliation against Defendant on or about December 1, 2020. Plaintiff was issued a Notice of Right to Sue with respect to the Charge from the EEOC on August 3, 2021, and Plaintiff filed the present action within ninety (90) days of receipt of same.

9. All administrative prerequisites have been met prior to filing this action.

## FACTUAL ALLEGATIONS

10. Plaintiff incorporates by reference the above paragraphs as though set forth fully and separately herein.

11. Plaintiff began working for Defendant in or around April 2019 as a Leasing Consultant.

12. At all times during Plaintiff's employment with Defendant, Plaintiff met or exceeded her employer's legitimate performance expectations.

13. During Plaintiff's employment with Defendant, one of the Company's managers, Chelsea Chalberg subjected Plaintiff to harassment and disparate treatment based on her gender and race (half Hispanic).

14. Ms. Chalberg found out that Plaintiff had a consensual romantic relationship with a male Maintenance Supervisor who worked for the Company named Ray Sartain. Ms. Chalberg

made repeated unwanted sexual advances toward Mr. Sartain by, *inter alia*, telling him she had feelings for him and saying that, if he had not been in a relationship with Plaintiff, something of an intimate nature could happen between him and Ms. Chalberg. Due to Ms. Chalberg's gender-related jealousy, Ms. Chalberg began harassing Plaintiff with hostile treatment and attempting to isolate Plaintiff from other employees at the property, including Mr. Sartain.

15. For example, Ms. Chalberg told Mr. Sartain he was not allowed to be in Plaintiff's office, talk to Plaintiff (even about work), or look at Plaintiff. This attempt to isolate Plaintiff eventually escalated to Ms. Chalberg mandating that, if Plaintiff ever came out of her office, she was not allowed to interact with other employees. This then escalated even further when Ms. Chalberg instructed other male employees they were not allowed to go into Plaintiff's office, and Plaintiff was not allowed outside of her office.

16. On or about September 24, 2019, Ms. Chalberg also subjected Plaintiff to discriminatory discipline for being approximately 30 minutes late to work, even though Plaintiff had given prior notice. Around the same time, a male coworker was between 6-7 hours late for work without consequence, and another male coworker showed up to work approximately 2 hours late many times without consequence.

17. Ms. Chalberg also made many negative gender and race related comments. For example, on one occasion when Plaintiff was eating a taquito for lunch, Ms. Chalberg loudly accused Plaintiff of supposedly eating her lunch in a sexually suggestive way in front of others. On another occasion, Ms. Chalberg learned that Plaintiff had previously dated a Black man and commented that Plaintiff was "contaminated" as a result.

18. Ms. Chalberg made the latter comment in front of two Black employees, Noah

Assefa and Jonathan Minor. Mr. Minor was a member of management.

19. Mr. Assefa reported Ms. Chalberg's comment to human resources in Plaintiff's presence. Human resources did not take any action to correct Ms. Chalberg, nor did they even interview Plaintiff, the person to whom Ms. Chalberg had made the comment.

20. As a result of the Company's inaction, Ms. Chalberg continued to make derogatory, discriminatory comments and engage in disparate treatment toward Plaintiff.

21. For example, Plaintiff called a Hispanic FedEx driver that visited the office a "spic" in front of Plaintiff, knowing that Plaintiff is part-Hispanic. Ms. Chalberg also commented to Plaintiff on one occasion, "Hispanic girls always get the trashiest tattoos."

22. Plaintiff engaged in the protected activity of internally reporting Ms. Chalberg's discriminatory treatment to Mr. Minor, a member of management who also personally witnessed Ms. Chalberg's discriminatory conduct. Mr. Minor was also present for an approximately hour-long conversation between Plaintiff and Ms. Chalberg, wherein Plaintiff told Ms. Chalberg that Plaintiff believed Ms. Chalberg was harassing her because of her gender. Ms. Chalberg told Plaintiff she would reach out to human resources and the Company's Regional Manager regarding Plaintiff's report of gender discrimination. Upon information and belief, that never happened.

23. As a result, Plaintiff submitted an anonymous complaint to human resources regarding Ms. Chalberg's discriminatory conduct, which was completely ignored.

24. When Plaintiff followed up with human resources regarding the complaint of discrimination approximately one month later, she was told there was supposedly a technical issue that caused human resources to not be able to see Plaintiff's anonymous complaint. However, at the same time, Plaintiff was strangely told that her concerns had supposedly been discussed with

multiple employees in the office and the claim could not be validated. Plaintiff accordingly asked multiple employees whether they had been spoken to by human resources concerning Ms. Chalberg. None of those employees had been spoken to by human resources.

25. On April 16, 2020, Plaintiff engaged in further protected activity when she again reported Ms. Chalberg's discriminatory conduct to the Company's Regional Manager, Ellie Hockstad.

26. After more than 8 months of discriminatory conduct, Ms. Chalberg was finally terminated the next day, on or about April 17, 2020.

27. However, less than two weeks later, Plaintiff was subjected to retaliatory discipline for innocuous conduct other employees engaged in without consequence. Specifically, Plaintiff was told that she had supposedly taken two 17–20-minute breaks instead of two 15-minute breaks. Plaintiff was told that management was specifically watching her to time her breaks. Plaintiff was also told that the discipline was supposedly because Plaintiff had not locked her office door while she was in her office working, which allowed other employees to repeatedly open her office door. However, other employees were not disciplined for not locking their office doors, and, upon information and belief, none of the employees who opened Plaintiff's office door were disciplined. Lastly, the retaliatory discipline Plaintiff received was supposedly because she was talking too much to other employees, though the other employees she had spoken to were not written up for engaging in the same conduct and talking to Plaintiff.

28. On or about June 2, 2020, Plaintiff was terminated because management inexplicably claimed she was "untrustworthy." Specifically, Plaintiff had notified management that she was requesting a day off from work for a personal emergency. Plaintiff was not asked, and

did not say, what her personal emergency was at the time of her request or at any time thereafter. The Company claimed Plaintiff was a no-call no-show on June 2, 2020, and that she had supposedly lied about the reason she needed time off from work. Both claims are false.

29. On or about May 11, 2020, Mr. Sartain was also suddenly terminated in retaliation for his reports of sexual harassment concerning Ms. Chalberg that were made to management on April 16, 2020.

## FIRST CLAIM FOR RELIEF
**(Hostile Work Environment Based on Gender in Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII"))**

30. Plaintiff incorporates by reference the above paragraphs as though set forth fully and separately herein.

31. As a female, Plaintiff is a member of a protected class under Title VII.

32. Defendant subjected Plaintiff to a hostile work environment based on Plaintiff's gender due to the above-described harassment Plaintiff was forced to endure; which was abusive, humiliating and so severe and pervasive as to detrimentally alter the terms and conditions of Plaintiff's employment.

33. Plaintiff reported the harassment and disparate treatment she was forced to endure multiple times to the appropriate authorities within the Company, and Defendant failed to initiate a reasonable investigation of the reports and/or to take appropriate prompt remedial action. As a result, the harassment continued and created a hostile work environment based on Plaintiff's gender.

34. Defendant's above-described conduct was willful, wanton and/or committed with conscious and/or reckless indifference to Plaintiff's equal rights under the law.

35. As a result of Defendant's above-described discriminatory actions, Plaintiff has suffered damages, including lost wages and benefits, emotional pain and suffering, embarrassment, and inconvenience; and she is entitled to such general and special damages, economic damages, punitive damages and attorneys' fees and costs as permitted by law.

## SECOND CLAIM FOR RELIEF
**(Retaliation in Violation of Title VII, 42 U.S.C. § 2000e, *et seq.*)**

36. Plaintiff incorporates by reference the above paragraphs as though set forth fully and separately herein.

37. Plaintiff engaged in statutorily protected activity when she opposed a practice made unlawful by Title VII by internally reporting the gender-based harassment and hostile work environment she had been forced to endure during her employment.

38. Plaintiff engaged in the above-described protected activity because she had a reasonable and good faith belief that the gender-based harassment she reported was unlawful.

39. Defendant subjected Plaintiff to discipline on or about April 29, 2020, and terminated Plaintiff's employment on June 2, 2020, for Plaintiff's above-described protected activity.

40. Defendant's conduct in subjecting Plaintiff to the above-described materially adverse employment actions is in violation of Title VII and had the effect of depriving Plaintiff of rights and privileges enjoyed by persons who have not engaged in activities protected by Title VII.

41. Defendant's above-described conduct was willful, wanton and/or committed with conscious and/or reckless indifference to Plaintiff's equal rights under the law.

42. As a direct and proximate result of Defendant's above-described retaliatory actions, Plaintiff has suffered damages, including lost wages and benefits, emotional pain and suffering,

embarrassment, and inconvenience; and she is entitled to such general and special damages, economic damages, punitive damages and attorneys' fees and costs as permitted by law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, and order the following relief as allowed by law:

A. Compensatory damages, including but not limited to those for garden variety emotional distress, inconvenience, and mental anguish;

B. Back pay and benefits;

C. Front pay and benefits;

D. Punitive damages;

E. Attorneys' fees and costs of this action, as permitted by law;

F. Pre-judgment and post-judgment interest at the highest lawful rate; and

G. Such further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff requests a trial by jury on all issues so triable.

Respectfully submitted this 7th day of September 2021.

HKM EMPLOYMENT ATTORNEYS, LLP

By: *s/ Shelby Woods*
    Claire E. Hunter
    Shelby Woods
    HKM Employment Attorneys, LLP
    730 17th Street, Suite 750
    Denver, Colorado 80202
    chunter@hkm.com
    swoods@hkm.com
    *Attorneys for Plaintiff Jessica Martin*